**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------x

NURUL AMIN JABER,                              Index No.:

    Plaintiff,

  -against-                                       **COMPLAINT AND**
                                                  **DEMAND FOR JURY**

CERTIFIED LUXURY MOTORS and
SANTANDER CONSUMER USA, INC.,

    Defendants.
----------------------------------------x

As and for his complaint, in the above-captioned action, plaintiff Nurul Amin Jaber (Plaintiff"), by and through his attorneys Kasell Law Firm, alleges as follows:

## PARTIES

1. Plaintiff is an individual residing at 9716 84th St. Ozone Park, NY 11416.

2. Upon information and belief, at all times herein mentioned, Defendant Certified Luxury Motors ("Certified") was and is a New York Corporation with its principal place of business in the County of Nassau at 444 W. Merrick Rd. Valley Stream, NY 11580.

3. Certified is engaged in the business of selling and servicing used motor vehicles. Defendant is also engaged in the financing and arranging of financing of motor vehicles that it sells to the public.

4. Upon information and belief, Defendant Santander Consumer USA, Inc. ("Santander"), is a foreign corporation authorized to transact business in the State of New York. Santander is engaged in the business of financing and accepting assignment of automobile retail installment sales contracts.

## JURISDICTION AND VENUE

5. Jurisdiction is premised on 15 U. S. C. § 1640(e) and 28 U.S.C. §§ 1331 and 1337.

6. Plaintiff instituted this action or actual damages, statutory damages, attorneys' fees and costs against Defendant for violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et. seq.* (hereinafter "TILA") and Federal Reserve Board Regulation Z, 12 C.F.R. § 1026, promulgated pursuant thereto, and for related and unrelated violations of New York General Business Law §§ 349 and 350 .

7. Venue in this District is proper in that the conduct complained of occurred here.

## STATUTORY FRAMEWORK
## TILA

8. The Truth in Lending Act ("TILA") is a federal law designed to protect consumers in credit transactions by requiring clear and conspicuous disclosure of key terms of the lending agreement and all costs. The statute is contained in title I of the Consumer Credit Protection Act, as amended, 15 USC §§ 1601 *et seq*. The regulations implementing the statute, which are known as an as "Regulation Z" are codified at 12 C.F.R. § 1026. The purpose of TILA is to promote the informed use of consumer credit by requiring disclosures about its terms and cost.

9. The retail installment sales contract ("RISC") is the document that a consumer is supposed to receive in which the requisite TILA disclosures are to be made.

## BACKGROUND

10. In March of 2024, Plaintiff went on-line and saw a used 2018 Honda Accord being offered for sale by Certified for $17,490. A copy of the advertisement is attached as Exhibit "A".

11. Plaintiff went to Certified and provided information and documentation that Certified requested, and Certified informed Plaintiff that he was approved to finance his purchase of the Vehicle with his down-payment of $10,000. A copy of the RISC for Plaintiff's purchase of the Vehicle is attached as Exhibit "B".

12. In a first TILA violation, Certified increased the advertised price of the Vehicle from $17,490 to a cash price of $24,840.

13. In a second TILA violation, Certified charged Plaintiff $256 to register the Vehicle but failed to do so. Plaintiff had to stop driving the Vehicle because the temporary registration expired without the new registration arriving.

14. In a third TILA violation, Certified charged Plaintiff $175 to title the Vehicle but failed to do so.

## COUNT I

## MULTIPLE VIOLATIONS OF THE TRUTH IN LENDING ACT

15. Plaintiff repeats the allegations set forth in paragraphs 1 - 14 as if fully set forth at length herein.

16. At all times relevant hereto, Certified regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and are the persons to whom the transaction which is the subject of this action is initially payable, making Certified a creditor within the meaning of TILA , 15 U.S.C. § 1602 (f) and Regulation Z § 1026.2(a)(17).

17. Plaintiff and Certified entered into a consumer credit transaction that was memorialized in an agreement covered by the TILA as purported by the terms

memorialized in the RISC annexed as Exhibit "B".

18. Certified further violated TILA by increasing the cash price of the Vehicle from its advertised price of $17,490 to $24,840.

19. Certified also violated TILA by not properly disclosing the tax that was applicable to the sale.

20. Certified's TILA disclosures were illusory when it charged Plaintiff for title and registration but failed to deliver title or registration to the.

21. Plaintiff relied on these inaccurate disclosures to his detriment.

22. Plaintiff is therefore entitled to actual damages, statutory damages and punitive damages.

23. Plaintiff is also entitled to reasonable attorneys' fees and expenses.

## COUNT II
## VIOLATION OF GENERAL BUSINESS LAW § 350

24. Plaintiff repeats the allegations set forth in paragraphs 1 - 23 as if fully set forth at length herein.

25. New York General Business Law § 350 prohibits the use of deceptive or unfair advertising in the conduct of any business, trade or commerce or in the advertising of any service in New York.

26. The conduct alleged herein, and the sale and financing of vehicles is consumer oriented conduct as it has the demonstrated potential to be repeated with other consumers.

27. Certified engaged in deceptive advertising that damaged Plaintiff by advertising the price of the Vehicle as $17,490 and then increasing the price to $24,840.

28. Certified's advertisement(s) were misleading in a material respect and Plaintiff

has been damaged as a result.

29. Plaintiff hereby demands that all attorneys' fees, costs, and other fees of this action be borne by Certified and that the Court award Plaintiff's actual damages, as well as punitive damages in an amount to be determined at trial.

## COUNT III
## VIOLATION OF GENERAL BUSINESS LAW § 349

30. Plaintiff repeats the allegations set forth in paragraphs 1 - 29 as if fully set forth at length herein.

31. New York General Business Law § 349 prohibits the use of deceptive or unfair practices in the conduct of any business, trade or commerce or in the furnishing of any service in New York.

32. The conduct alleged herein, and the sale and financing of vehicles is consumer oriented conduct as it has the demonstrated potential to be repeated with other consumers.

33. Certified engaged in deceptive acts and practices by charging Plaintiff for registering and titling the Vehicle and failing to do so.

34. Certified's actions and practices were misleading in a material respect and Plaintiff has been damaged as a result.

35. Plaintiff hereby demands that all attorneys' fees, costs, and other fees of this action be borne by Certified and that the Court award Plaintiff's actual damages, as well as punitive damages in an amount to be determined at trial.

## COUNT IV
## LIABILITY OF SANTANDER

36. Plaintiff repeats the allegations set forth in paragraphs 1-35 as if fully set forth at

length herein. This Count is brought against Santander only.

37. Federal Law (16 C.F.R. part 433) provides all retail installment contracts contain the following provision:

> **NOTICE: ANY HOLDER OF THIS CONSUMER CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

38. Santander is the holder of the consumer credit contract(s) memorialized by the RISC for the purchase of Plaintiff's Vehicle. Santander is bound by the terms quoted in Paragraph 37 above, subjecting it to all claims and defenses which Plaintiff has asserted against Certified.

39. The Vehicle constitutes the "good" obtained with the proceeds of the RISC.

40. Certified sold the Vehicle, which constitutes the good obtained with the proceeds of the loan.

41. Consequently, Santander is subject to all claims and defenses that Plaintiff could assert against Certified.

WHEREFORE Plaintiff is entitled to:

a. Twice the amount of the finance charge as specified by 15 U.S.C. § 1640 (a)(2)(A)(i);

b. Statutory damages of not less than $400 nor more than $4,000 pursuant to 15 U.S.C. § 1640 (a)(2)(A)(iv);

    c.  Return of the vehicle's sales price and all incidental and consequential damages incurred by Plaintiff;

    d.  Return of all principal paid towards the Vehicle purchase;

    e.  Prejudgment interest at the prime rate as of the date of this cause of action;

    f.  All reasonable attorney fees, witness fees and costs, all court costs and other fees incurred by Plaintiff, and such other and further relief that the Court deems just and appropriate.

Dated: Long Island City, New York  
       April 16, 2024

                                            KASELL LAW FIRM

                                            __/s/_____  
                                            David M. Kasell (DK-7753)  
                                            1038 Jackson Avenue, #4  
                                            Long Island City, NY 11101  
                                            (718) 404-6668